UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

GARY R. AGNEW,
                    Appellant,

           v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBERS
PH-0752-04-0423-C-1
PH-0752-04-0425-C-1

DATE: FEBRUARY 6, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

George Goshdigian, Hebron, Connecticut, for the appellant.

Michael Salvon, Esquire, Windsor, Connecticut, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the compliance initial decision, which granted the appellant's petition for enforcement. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the compliance initial decision, and DENY the appellant's petition for enforcement.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2     The appellant filed several appeals in 2004 that were subject to years of delays due to his imprisonment and medical limitations. *See Agnew v. U.S. Postal Service*, MSPB Docket Nos. NY-0353-14-0337-I-1, PH-0752-04-0423-I-9, PH-0752-04-0598-I-8, PH-0752-04-0425-I-8, Final Order (FO), ¶¶ 2-3 (Dec. 22, 2016). Ultimately, the Board denied the appellant's restoration claim. FO, ¶¶ 7-9. The Board also sustained his August 27, 2004 removal for two charges: (1) conviction of 16 felony counts of mail and Federal compensation fraud, all stemming from his collection of Office of Workers' Compensation Program benefits; and (2) falsification of Form CA-1032. FO, ¶¶ 4, 18-29. However, the Board found that the appellant was improperly subjected to a constructive suspension from April 2–June 17, 2004. FO, ¶¶ 10-15. The Board also reversed the appellant's indefinite suspension, which was effective from June 18, 2004, until his August 27, 2004 removal. FO, ¶¶ 16-17. As a result, the Board ordered the agency to cancel the constructive and indefinite suspensions for the combined period of April 2–August 26, 2004, and pay the appellant the correct amount of back pay, interest on back pay, and other appropriate benefits. FO, ¶¶ 33-34.

¶3     After the agency's deadline for complying with the Board's order, the appellant filed a petition for enforcement, alleging that the agency had refused to provide him with appropriate back pay. *Agnew v. U.S. Postal Service*, MSPB Docket Nos. PH-0752-04-0423-C-1, PH-0752-04-0425-C-1, Compliance File (CF), Tab 1. The appellant acknowledged that he was in a pay status from May 7–June 16, 2004, but alleged that he was still entitled to back pay for April 2-May 6, 2004, and June 17–August 26, 2004. CF, Tab 5 at 1. The agency responded, arguing that the appellant was not entitled to back pay for the period at issue because he was not ready, willing, and able to work. CF, Tab 4 at 7-8.

¶4     In a compliance initial decision, the administrative judge granted the appellant's petition for enforcement. CF, Tab 6, Compliance Initial Decision (CID). The agency has filed a petition for review. *Agnew v. U.S. Postal Service*, MSPB Docket Nos. PH-0752-04-0423-C-1, PH-0752-04-0425-C-1, Compliance

Petition for Review (CPFR) File, Tab 1. The appellant has filed a response, and the agency has replied.[2] CPFR File, Tabs 3, 7.

¶5    When the Board finds that an employee has been the victim of an unjustified or unwarranted personnel action, the goal is to place him in the circumstances he would have been in had the personnel action never taken place. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984); *Bartel v. Federal Aviation Administration*, 24 M.S.P.R. 560, 564-65 (1984). Consistent with that goal, the Board's case law provides that an individual is not entitled to back pay for any period of time during which he was not ready, willing, and able to perform his duties because of an incapacitating illness or injury, or for reasons unrelated to or not caused by the unjustified or unwarranted personnel action. *Lyle v. Department of the Treasury*, 85 M.S.P.R. 324, ¶ 6 (2000); *Bullock v. Department of the Air Force*, 80 M.S.P.R. 361, ¶ 13 (1998); *see Bartel*, 24 M.S.P.R. at 565. The agency bears the initial burden of proving that it has provided an appellant the appropriate back pay amount. *See Bullock*, 80 M.S.P.R. 361, ¶ 11. When, however, the agency produces concrete and positive evidence, as opposed to a mere theoretical argument that the appellant was not ready, willing, and able to work during all or part of the period during which back pay is claimed, the burden of proof shifts to the appellant to show his entitlement to back pay. *See id.*; *Hill v. Department of the Air Force*, 60 M.S.P.R. 498, 501-02 (1994).

¶6    The administrative judge found that the agency failed to present sufficient evidence to show that the appellant was incapable of working during the relevant

---

[2] The appellant characterized his pleading as a cross petition for review, rather than as a response. CPFR File, Tab 3. However, we have construed the pleading as a response. In large part, the arguments within the pleading challenge the agency's petition. The pleading also includes some arguments pertaining to the merits of the agency's adverse actions, but those matters are not relevant to this compliance proceeding. *See Nelson v. Veterans Administration*, 27 M.S.P.R. 133, 135 (1985) (recognizing that an employee's arguments on the merits of his case would not be considered by the Board on review of a compliance proceeding).

period, from April 2–August 26, 2004. CID at 3-4. In doing so, she recognized three pieces of evidence, but erroneously concluded that none covered the pertinent period.

¶7        The first piece of evidence the agency submitted in support of its claim that the appellant was not ready, willing, and able to work during the claimed back pay period was a medical record from months earlier. CF, Tab 4 at 9-10. That record documents a September 2003 physical examination and concludes with the physician opining that the appellant could work in a sedentary capacity, despite the appellant's assertion that he had not worked in more than 2 years and was still altogether unable to work. *Id*. The second piece of evidence the agency submitted was a certification from the Department of Veterans Affairs (DVA), which the administrative judge mistakenly described. According to that DVA certification, the appellant "is permanently and totally disabled since March 13, 2003, due to service connected disability or disabilities." *Id*. at 11. Although that certification does, in fact, cover the period at issue in this appeal, the administrative judge mistakenly described it as covering only the period since March 2013. *Compare* CID at 3, *with* CF, Tab 4 at 11. The third piece of evidence the agency submitted was a small undated portion of a deposition transcript describing an inability to perform a limited-duty position as of May 2002. CF, Tab 4 at 12-13.[3]

¶8        Unlike the administrative judge, we find that the agency did produce concrete and positive evidence, rather than mere theoretical argument, that the

---

[3] On review, the agency has submitted additional portions of the transcript it submitted below, to provide further context, including the date of the deposition. CPFR File, Tab 1 at 16. However, the agency has neither alleged that this was already included in the record, nor has it presented any basis for us to consider this evidence for the first time on review. *Cunningham v. Office of Personnel Management*, 110 M.S.P.R. 389, ¶ 11 (2009) (recognizing that the Board generally will not consider arguments raised for the first time on petition for review of an initial decision in compliance proceedings absent a showing that the argument is based on new and material evidence that was not previously available despite due diligence).

appellant was not ready, willing, and able to work between April and August 2004. On the one hand, the deposition transcript provides limited support because the agency submitted only a small portion of it, with little context. CF, Tab 4 at 12-13. The agency presented the transcript as if it were the appellant's own testimony but failed to provide enough of it to verify the same; the pages provided do not even include the appellant's name. *Id*. at 6-7. On the other hand, the September 2003 evaluation and the DVA certification are quite persuasive. *Id.* at 9-11. As previously mentioned, during the September 2003 evaluation, the appellant reported that he had not worked for more than 2 years and was still unable to work because of physical limitations. *Id*. at 9-10. At a minimum, that suggests the appellant was not willing to work in the months leading up to the period at issue, even if an examining physician thought he was able. *Id*. The DVA certification provides further support for the agency's assertion that the appellant was not ready, willing, and able to work during the claimed back pay period. Again, that certification provides that the appellant became "permanently and totally disabled" in March 2003. *Id*. at 11.

¶9     Because we find that the agency presented sufficient evidence to shift the burden to the appellant, it was incumbent upon him to show that he was entitled to back pay, *supra* ¶ 5, but he failed to do so. With his petition for enforcement, the appellant submitted a July 2003 letter from the Department of Labor to his treating physician, requesting information about his physical limitations. CF, Tab 1 at 22. He also referred to the aforementioned evaluation, during which the appellant described himself as unable to work, but his physician opined that he could work in a sedentary capacity. *Id*. at 5 (referencing CF, Tab 4 at 9-10). However, the appellant presented no other evidence concerning whether he was ready, willing, and able to work between April 2–August 26, 2004, even after the administrative judge offered him an opportunity to rebut the agency's evidence. CF, Tab 5 at 2. Accordingly, under these circumstances, we find that the appellant failed to meet his burden and thus he is not entitled to back pay for the

claimed back pay period. *See Lyle*, 85 M.S.P.R. 324, ¶¶ 6-11 (finding that an appellant was not entitled to back pay for a period in which the agency presented evidence that he was not ready, willing, and able to work due to medical limitations and he failed to rebut that evidence).

¶10    This is the final decision of the Merit Systems Protection Board in this compliance matter. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.